People v Johnson (2022 NY Slip Op 00985)





People v Johnson


2022 NY Slip Op 00985


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Ind. No. 344/16 Appeal No. 15291 Case No. 2019-04523 

[*1]The People of the State of New York, Respondent,
v
Raymond Johnson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher M. Pederson of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 21, 2019, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant was properly assessed 20 points under the risk factor for continuing course of sexual misconduct. Although he did not personally engage in an act of sexual conduct with the victim, he was properly assessed points under principles of accessorial liability (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7 [2006]; Penal Law § 20.00). The record establishes that defendant assisted customers in obtaining the services of the victim and forced the 17-year-old victim to engage in prostitution for his own monetary gain under threat of serious physical injury or death, and that he assaulted her when she attempted to leave. Thus, defendant shared the intent of the victim's abusers in engaging in sexual conduct (see People v Watkins, 168 AD3d 1007, 1008 [2d Dept 2019], lv denied 33 NY3d 903 [2019]; see also Penal Law § 20.00).
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were outweighed by the egregiousness of the underlying crime.
We have considered and rejected defendant's remaining arguments. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022